UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

WADE ALLEN, CARMINE BORRELI, VICTOR DIAZ, CAROLYN ESPOSITO, JESSICA FREEMAN, PAUL GIGLIO, SCOTT GUSTAFSON, NANCY JAFFEE, PATRICIA KENNEDY, GRACE MCADAMS, KEVIN MULLER, and ALBERT WILLIAMS,

        Plaintiffs,

-against-

J & B RESTAURANT PARTNERS OF LONG ISLAND HOLDING CO., LLC, J & B RESTAURANT PARTNERS OF NYDMA, LLC, J & B RESTAURANT PARTNERS BEACH SHOP LLC, J & B RESTAURANT PARTNERS FAMILY DINING, LLC, J & B RESTAURANT PARTNERS OF BRICKTOWN, NJ, LLC, INC., J & B RESTAURANT PARTNERS OF COPIAGUE, LLC, J & B RESTAURANT PARTNERS OF CT, LLC, J & B RESTAURANT PARTNERS OF HAMPTON BAYS, LLC, J & B RESTAURANT PARTNERS OF HICKSVILLE, LLC, J & B RESTAURANT PARTNERS OF LONG ISLAND II, LLC, J & B RESTAURANT PARTNERS OF LONG ISLAND III, LLC, J & B RESTAURANT PARTNERS OF MASSAPEQUA PARK, LLC, J & B RESTAURANT PARTNERS OF MIDDLE ISLAND, LLC, J & B RESTAURANT PARTNERS OF NJ, LLC, J & B RESTAURANT PARTNERS OF NY LLC, JOSEPH P. VITRANO, Individually and as President, and PERRY TUCCIARONE, Individually and as Director of Operations, GERRY SNEARLY, Individually and as Chief Financial Officer, and GREG ALAGANA, Individually and as Senior Vice President of Operations,

        Defendants.

---

Docket No.: 13-cv-6616 (LDW) (AKT)

**DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT AND STATEMENT OF AFFIRMATIVE AND ADDITIONAL DEFENSES**

The above-named Defendants (collectively, "Defendants"), by their attorneys, Littler Mendelson, P.C., answer the allegations of the Second Amended Complaint ("Complaint") as follows:

## PRELIMINARY STATEMENT

1. The allegations in paragraph 1 of the Complaint are not allegations of fact which Defendants are required to admit or deny.

2. Deny the allegations contained in paragraph 2 of the Complaint.

3. Deny the allegations contained in paragraph 3 of the Complaint.

4. Deny the allegations contained in paragraph 4 of the Complaint.

5. Deny the allegations contained in paragraph 5 of the Complaint.

6. Deny the allegations contained in paragraph 6 of the Complaint.

7. Deny the allegations contained in paragraph 7 of the Complaint.

8. Deny the allegations contained in paragraph 8 of the Complaint.

9. Deny the allegations contained in paragraph 9 of the Complaint.

10. Deny the allegations contained in paragraph 10 of the Complaint.

11. Deny the allegations contained in paragraph 11 of the Complaint.

12. The allegations in paragraph 12 are not allegations of fact which Defendants are required to admit or deny

## JURISDICTION AND VENUE

13. The allegations in paragraph 13 are not allegations of fact which Defendants are required to admit or deny.

14. Deny the allegations contained in paragraph 14 of the Complaint.

15. The allegations in paragraph 15 are not allegations of fact which Defendants are

required to admit or deny.

## THE PARTIES

16. Deny the allegations contained in paragraph 16 of the Complaint.

17. Deny the allegations contained in paragraph 17 of the Complaint.

18. Deny the allegations contained in paragraph 18 of the Complaint.

19. Deny the allegations contained in paragraph 19 of the Complaint.

20. Deny the allegations contained in paragraph 20 of the Complaint.

21. Deny the allegations contained in paragraph 21 of the Complaint.

22. Deny the allegations contained in paragraph 22 of the Complaint.

23. Deny the allegations contained in paragraph 23 of the Complaint, except admit that Plaintiff Victor Diaz worked at various times at restaurants located in Shirley, Medford, Riverhead, Hampton Bays, and Patchogue, New York.

24. Deny the allegations contained in paragraph 24 of the Complaint, except admit that Plaintiff Carolyn Esposito worked at various times at restaurants located in Medford, Coram, and Ronkonkoma, New York.

25. Deny the allegations contained in paragraph 25 of the Complaint, except admit that Plaintiff Jessica Freeman worked at various times at restaurants located in Stonybrook, Coram, and Bay Shore, New York.

26. Deny the allegations contained in paragraph 26 of the Complaint, except admit that Plaintiff Paul Giglio worked at various times at restaurants located in Middle Island and Medford, New York.

27. Deny the allegations contained in paragraph 27 of the Complaint, except admit that Plaintiff Patricia Kennedy worked at various times at a restaurant located in Shirley, New

York.

28. Deny the allegations contained in paragraph 28 of the Complaint, except admit that Plaintiff Wade Allen worked at various times at a restaurant located in Hampton Bay, New York.

29. Deny the allegations contained in paragraph 29 of the Complaint, except admit that Plaintiff Scott Gustafson worked at various times at a restaurant located in Syosset, Stony Brook, Smithtown, Miller Place, and Middle Island, New York.

30. Deny the allegations contained in paragraph 30 of the Complaint, except admit that Plaintiff Grace McAdams worked at various times at a restaurant located in Coram, Selden, and Miller Place, New York.

31. Deny the allegations contained in paragraph 31 of the Complaint, except admit that Plaintiff Kevin Muller worked at various times at a restaurant located in Shirley, Medford, Middle Island, and Smithtown, New York.

32. Deny the allegations contained in paragraph 32 of the Complaint, except admit that Plaintiff Nancy Jaffee worked at various times at a restaurant located in Medford, Patchogue, and Sayville, New York.

33. Deny the allegations contained in paragraph 33 of the Complaint, except admit that Plaintiff Carmine Borelli worked at various times at a restaurant located in Selden, Miller Place, and Smithtown, New York.

34. Deny the allegations contained in paragraph 34 of the Complaint, except admit that Plaintiff Albert William worked at various times at a restaurant located in Riverhead, New York.

## ADDITIONAL FACTUAL ALLEGATIONS

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint.

36. Deny the allegations contained in paragraph 36 of the Complaint.

37. Deny the allegations contained in paragraph 37 of the Complaint.

38. Deny the allegations contained in paragraph 38 of the Complaint.

39. Deny the allegations contained in paragraph 39 of the Complaint.

40. Deny the allegations contained in paragraph 40 of the Complaint.

### FIRST CAUSE OF ACTION
**(FLSA Overtime Violations, 29 U.S.C. § 207)**

41. Defendants incorporate their answers to the allegations contained in the previous paragraphs of the Complaint as if fully set forth herein.

42. The allegations in paragraph 42 are not allegations of fact which Defendants are required to admit or deny.

43. Deny the allegations contained in paragraph 43 of the Complaint.

44. Deny the allegations contained in paragraph 44 of the Complaint.

45. The allegations in paragraph 45 are not allegations of fact which Defendants are required to admit or deny.

### SECOND CAUSE OF ACTION
**(New York Overtime Violations, N.Y. Comp. Codes R. & Regs. Tit. 12, § 142-2.2)**

46. Defendants incorporate their answers to the allegations contained in the previous paragraphs of the Complaint as if fully set forth herein.

47. Deny the allegations contained in paragraph 47 of the Complaint.

48. Deny the allegations contained in paragraph 48 of the Complaint.

49. The allegations in paragraph 49 are not allegations of fact which Defendants are

required to admit or deny.

The "WHEREFORE" clause following paragraph 49 of the Complaint and the subparts contained therein include a prayer for relief to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny that Plaintiffs are entitled to any relief whatsoever.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

1. Plaintiffs' Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

2. To the extent the period of time alluded to in the Complaint, or the period of time alleged later in this action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a), New York law or the principles of laches, such claims are barred.

3. At some or all times relevant hereto, Plaintiffs were exempt from overtime requirements of federal and/or state law.

4. Plaintiffs' salary compensated them for all hours worked.

5. In calculating overtime liability (if any), Defendants are entitled to an offset to the extent further investigation and discovery reveal additional payments made to Plaintiffs for work performed.

6. Plaintiffs' claims are barred, in whole or in part, because any payments for prior overtime owed (which Defendants deny) must be calculated at no more than one-half of each individual's regular rate of pay for the workweek in which the time was worked.

7. Plaintiffs' claims are barred in whole or in part to the extent that the work they performed falls within executive, administrative and combination exemptions, exceptions, or

exclusions provided under the FLSA, 29 U.S.C. § 201, *et seq.*, and New York law, including those exemptions contained in Section 13(a) and/or (b) of the FLSA, and as referenced under New York law.

8. Defendants, at all times, acted in good faith to comply with the FLSA and any applicable state law and with reasonable grounds to believe that their actions did not violate the statutes or other laws cited in the Complaint, and Defendants assert a lack of willfulness or intent to violate the FLSA or any applicable state law as a defense to any claim by Plaintiffs for liquidated damages or other statutory penalties. Thus, Plaintiffs cannot recover liquidated damages under any of their claims and are barred from obtaining liquidated damages under both the Fair Labor Standards Act and the New York Labor law.

9. The corporate Defendants were improperly named as Defendants in this litigation, as many or all of whom never employed one or more of the Plaintiffs. Accordingly, many or all of the corporate Defendants are not Plaintiffs' "employer," as that term is defined by federal and state law.

10. Individual Defendants Joseph P. Vitrano, Perry Tucciarone, Jerry Snearly, and Greg Alagana (collectively, the "Individual Defendants"), were improperly named as a Defendants in this litigation, as they were not Plaintiffs' "employer," as that term is defined by federal and state law.

11. Plaintiffs were paid on a salary basis. Any deductions from salary were limited to initial and final weeks of employment, full days for time off in excess of amount available, and/or excused by the safe harbor policy.

12. The Court lacks subject matter jurisdiction over each and every Plaintiff who joined this action three years after the cessation of his/her employment with any Defendant.

13. Pending the conclusion of further discovery and investigation, Defendants respectfully reserve their right to add such further or supplemental defenses as may be warranted by the information developed through discovery and proper to the full defense of this litigation.

WHEREFORE, Defendants respectfully request the Court grant the following relief:

1. Judgment be entered dismissing Plaintiffs' Complaint on the merits and with prejudice;

2. Awarding Defendants its attorneys' fees, costs, and disbursements, as appropriate; and

3. Directing such other relief as the Court deems just and equitable.

Dated: May 6, 2014
Melville, New York

By: /s/ Andrew P. Marks
Andrew P. Marks
LITTLER MENDELSON, P.C.
900 Third Avenue, 7th Floor
New York, NY 10022.3298
212.583.9600
amarks@littler.com

Justin R. Marino
LITTLER MENDELSON, P.C.
290 Broadhollow Road, Suite 305
Melville, NY 11747
631.247.4720
jmarino@littler.com

*Attorneys for Defendants*

Firmwide:126830368.2 079055.1002

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WADE ALLEN, CARMINE BORRELI, VICTOR DIAZ, CAROLYN ESPOSITO, JESSICA FREEMAN, PAUL GIGLIO, SCOTT GUSTAFSON, NANCY JAFFEE, PATRICIA KENNEDY, GRACE MCADAMS, KEVIN MULLER, and ALBERT WILLIAMS,<br><br>Plaintiffs,<br><br>-against-<br><br>J & B RESTAURANT PARTNERS OF LONG ISLAND HOLDING CO., LLC, et al,<br><br>Defendants. | Docket No.: 13-cv-6616 (LDW) (AKT)<br><br>**CERTIFICATE OF SERVICE** |

I, Justin R. Marino, hereby certify that on May 6, 2014, I caused Defendants' Answer To Plaintiffs' Second Amended Complaint And Statement Of Affirmative And Additional Defenses to be filed with the Clerk of the Court through ECF, which in turn sent electronic copies of same to Plaintiff's counsel.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: May 6, 2014
    Melville, New York

By:  /s/ Justin R. Marino
    Justin R. Marino, Esq.
    LITTLER MENDELSON, P.C.
    290 Broadhollow Road, Suite 305
    Melville, NY  11747
    631.247.4720
    jmarino@littler.com

*Attorneys for Defendants*

Firmwide:126830368.2 079055.1002